IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05CV13-03-MU

| | |
|---|---|
| RONNIE SYLVIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| TOMMY MADDOX et. al., ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Plaintiff's request for additional time to respond to Defendant's Motion for Summary Judgment filed on January 18, 2006 (Document No. 33.) Also before the Court is Plaintiff's Demand for a Jury Trial (Document No. 36) and Plaintiff's Motion for a Preliminary Injunction (Document No. 38).

First, Plaintiff is requesting additional time to file a response to Defendant's Motion for Summary Judgment, however on the same day that Plaintiff filed the instant motion for additional time, Plaintiff also filed a "Brief in Opposition to Defendant's Motion for Summary Judgment" (Document No. 34), a "Declaration in Opposition to Defendant's Motion for Summary Judgment" (Document No. 35) and a "Statement of Disputed Factual Issues." (Document No. 36.)  Moreover, Plaintiff's response is not due until February 20, 2006.  To the extent Plaintiff needs to supplement his response to Defendant's Motion for Summary Judgment, he may do so until the date his response is due.  Plaintiff also states that he is not well versed in the law and is seeking the assistance of a private attorney to take over for him.  Because Plaintiff has already filed a response to

1

Defendant's Motion for Summary Judgment, the Court interprets Plaintiff's request as seeking additional time to respond to Defendant's Motion for Summary Judgment in the event he is able to secure the assistance of an attorney. To the extent that Plaintiff does retain a private attorney in this case, the attorney can file an appropriate motion if necessary.

Next, Plaintiff demands a jury trial. There is currently a dispositive motion pending before the Court. The Court will rule on the Defendant's Motion for Summary Judgment before it determines whether a jury trial is necessary in this case. Therefore Plaintiffs Demand for a Jury Trial is denied at this time.

Finally, Plaintiff has filed a Motion for a "Preliminary Injunction." Plaintiff seeks an Order from this Court transferring him to another North Carolina Correctional Institution. Plaintiff argues that there is a reasonable likelihood that he will prevail on the merits and there is a substantial threat of irreparable harm to him in that he has been harassed in retaliation for filing his Complaint and has suffered and continues to suffer serious mental and physical injuries.

The standard for evaluating a preliminary injunction request is the balancing of hardship analysis set forth in Blackwelder Furniture Co. V. Seilig Mf., 550 F.2d 189, 193-96 (4th Cir. 1977). To prevail on a motion for preliminary injunction, Plaintiff must establish the following: (1) likelihood of irreparable harm to the plaintiff if the injunction is denied, (2) the likelihood if harm to the defendants if the injunction is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991). "Preliminary injunctions are extraordinary remedies that are granted in limited circumstances and then only sparingly." In re Microsoft Corp. Antitrust Litigations, 333 F.3d 517, 526 (4th Cir. 2003). Moreover, preliminary relief directed to running a state prison should be

granted only in compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). A preliminary injunction should not be granted unless the movant, by a clear showing, carried the burden of persuasion on all of the prerequisites.

In this case, Plaintiff sued three officers and one nurse at Alexander Correctional Institution. Plaintiff contends that the three officers used excessive force against him and the nurse was deliberately indifferent to his medical needs. The relief Plaintiff seeks by way of the instant motion is an Court Order transferring him to another North Carolina Correctional Institution. Plaintiff has failed to carry his burden of proof. First, the Court lacks the authority to transfer the Plaintiff to another North Carolina Correctional Institution. Next, no affidavits accompany his motion, and the factual allegation in the brief are conclusory. Finally, Plaintiff's motion does not tend to prove irreparable harm of so immediate a variety that a preliminary injunction should issue nor does it carry the burden of showing the likelihood that Plaintiff will succeed on the merits. Accordingly, Plaintiff's Motion for a preliminary injunction is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

(1) That Plaintiff's Motion for an Extension of Time (Document No. 33) is Denied;

(2) Plaintiff's Demand for a Jury Trial (Document No. 36) is denied at this time;

(3) Plaintiff's Motion for a Preliminary Injunction (Document No. 38) is denied.

**SO ORDERED.**

Signed: January 26, 2006

Graham C. Mullen
United States District Judge